IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN RICE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-0960-L |
| | § | |
| DIRECTORY DISTRIBUTING | § | |
| ASSOCIATES, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is an unspecified civil action brought by Plaintiff John Rice, appearing *pro se*, against Directory Distributing Associates and "others." On May 11, 2005, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. On May 20, 2005, a *Spears*[1] questionnaire was sent to plaintiff at the address listed in his complaint. Plaintiff was directed to answer the questionnaire within 20 days or the case would be dismissed. No response was filed. On June 17, 2005, another copy of the *Spears* questionnaire was sent to

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

plaintiff by certified mail, return receipt requested. Three weeks later, the unopened envelope containing the questionnaire was returned to the clerk with a notation, "Return to Sender." The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

## II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court sent two *Spears* questionnaires to plaintiff at a post office box in Houston, Texas--the only address listed in his complaint. The first questionnaire remains unanswered. The second questionnaire was returned to the court unclaimed. Apparently, plaintiff either no longer maintains his post office box or refuses to claim his mail. Without full and complete answers to the *Spears* questionnaire, the court cannot screen plaintiff's complaint and this litigation cannot proceed. Dismissal is clearly appropriate under the circumstances.

**RECOMMENDATION**

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 13, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE